IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DONALD PADILLA,**

        **Plaintiff,**

**v.**                                                                                   **CIV No. 10-1234 LAM/SMV**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

        **Defendant.**

## ORDER GRANTING PLAINTIFF'S MOTION FOR EAJA FEES

**THIS MATTER** is before the Court on Plaintiff's *Motion for Attorney Fees Pursuant to Equal Access to Justice Act, With Memorandum in Support* (*Doc. 35*), filed July 18, 2013. Defendant filed a response in opposition to the motion on August 5, 2013 (*Doc. 36*), and Plaintiff filed a reply on August 7, 2013 (*Doc. 38*). In his motion, Plaintiff asks the Court to award him attorney fees and costs in the amount of **$14,371.33** as authorized by the Equal Access to Justice Act (hereinafter, "EAJA") at 28 U.S.C. § 2412(d). [*Doc. 35* at 1]. The Commissioner opposes the motion because she asserts that her position was substantially justified. [*Doc. 36* at 1]. Alternatively, the Commissioner asks the Court to reduce Plaintiff's requested attorney fees because the requested hours are unreasonable. *Id.* Having considered the motion, response, reply, record in this case, and relevant law, the Court **FINDS** that the motion should be **GRANTED**.

*1. The Commissioner's Position Was Not Substantially Justified*

EAJA provides for an award of attorney fees to a plaintiff when: (1) he is a prevailing party, (2) the position of the United States was not substantially justified, and (3) no special circumstances

would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). Here, the parties do not dispute that Plaintiff is a prevailing party or that no special circumstances would make the award unjust; rather, they disagree about whether the position of the Commissioner was substantially justified. [*Doc. 36* at 4-7] and [*Doc. 38* at 2-4].

The Commissioner bears the burden of showing that her position was substantially justified. *Hackett*, 475 F.3d at 1172. "The test for substantial justification in this circuit is one of reasonableness in law and fact." *Id.* (quoting *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). The Commissioner must show that her position was "justified to a degree that could satisfy a reasonable person." *Hackett*, 475 F.3d at 1172 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). A court's remand order does not mean, *ipso facto*, that the Commissioner's position was not substantially justified; that is, her "position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (quoting *Pierce*, 487 U.S. at 566, n.2). In addition, where the Commissioner prevails on most issues before the district court, the Court can still find that the Commissioner "acted unreasonably in denying benefits at the administrative level." *Hackett*, 475 F.3d at 1174, n.1.

In this case, this Court entered a ***Memorandum Opinion and Order*** *(Doc. 25)* affirming the Commissioner's decision to deny Plaintiff's application for Social Security Income. That order addressed the issues raised in Plaintiff's ***Memorandum in Support of Motion to Reverse or Remand Administrative Agency Decision*** *(Doc. 20)*, which were that: (1) the Administrative Law Judge (hereinafter "ALJ") failed to afford Plaintiff's treating doctor's opinions sufficient weight; (2) the ALJ's RFC and resulting credibility findings are unsupported and inconsistent with Plaintiff's treating physicians' findings; (3) the ALJ's application of the Grids is unsupported by substantial

evidence; and (4) the ALJ failed to develop the record regarding Plaintiff's anxiety, depression, hearing loss and obesity.  [*Doc. 20* at 6-21]; [*Doc. 25* at 8-22].  While Plaintiff did not raise it as a separate argument as to why the Commissioner's decision should be reversed or remanded, Plaintiff stated in his motion to reverse or remand that the Appeals Council erred in failing to consider additional evidence which was submitted after the ALJ's decision was issued.  [*Doc. 20* at 20].  In response to that statement, the Commissioner stated that the Appeals Council reviewed the evidence and properly concluded that it did not provide a basis for changing the ALJ's decision.  [*Doc. 21* at 13-14].  However, Plaintiff did not discuss the issue in his reply.  *See* [*Doc. 22*].  The Court stated in its memorandum opinion and order that the Appeals Council correctly found that the additional evidence does not affect the ALJ's decision because the evidence related to a period after the date of the ALJ's decision.  [*Doc. 25* at 22].  On appeal of this Court's decision, the Tenth Circuit stated that Plaintiff "focuses on the Appeals Council's order" (*Doc. 33-1* at 3), and found that the Appeals Council improperly failed to consider the additional evidence because the evidence was new, material, and temporally relevant (*id.* at 5-6).  On that basis, the Tenth Circuit reversed and remanded the decision of this Court with instructions to remand to the Appeals Council to consider the additional evidence.  *Id.* at 7.

The Commissioner contends that her position was substantially justified because it was reasonable for her to argue that the Appeals Council properly considered the additional evidence.  [*Doc. 36* at 6-7].  The Commissioner states that she "addressed all of Plaintiff's issues raised in the District Court challenging the ALJ's decision," and that "on appeal, Plaintiff retreated for [sic] his positions in the District Court challenging the Commissioner's final decision, and focused solely on challenging the Appeals Council's action denying review."  *Id.* at 6.  Plaintiff, on the other hand,

3

contends that the Commissioner's position was not substantially justified because the Tenth Circuit found that the Appeals Council committed legal error by failing to properly consider the additional evidence. [*Doc. 38* at 4].

The Court agrees with Plaintiff and finds that, while the Commissioner's positions may have been substantially justified regarding Plaintiff's contentions in his motion to reverse or remand, the Commissioner was not substantially justified in failing to consider the additional evidence presented to the Appeals Council. The Tenth Circuit found that the Appeals Council's failure to consider the additional evidence was legal error because the additional evidence was new, material, and chronologically pertinent. [*Doc. 33-1* at 5-6]. Even though this issue was not clearly before the Court on Plaintiff's Motion to Reverse or Remand as a separate issue for remand, and was not even mentioned in Plaintiff's reply brief, the EAJA statute defines the "position of the United States" as both the position taken by the United States in the civil litigation, and in "the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). As the Tenth Circuit explained in *Hackett*, "EAJA fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." 475 F.3d at 1174 (citation and internal quotation marks omitted). Thus, the Court finds that the Commissioner's position with regard to the consideration of the additional evidence was not substantially justified for the reasons set forth by the Tenth Circuit in Plaintiff's appeal, so fees are warranted.

### *2. Plaintiff's Counsel's Hours Were Reasonable Under EAJA*

The Commissioner next contends that Plaintiff's fee request is excessive because "Plaintiff retreated from arguments challenging the ALJ's decision that he had raised before the district court and focused solely on challenging the Appeals Council's action on appeal." [*Doc. 36* at 7]. The Commissioner contends that, for this reason, most of the hours Plaintiff requests for preparing the briefs filed in this Court were not reasonably expended, and asks the Court to reduce Plaintiff's requested attorney hours by 26.18 hours, which is the time requested during the dates of July 17, 2011 to October 4, 2011, when Plaintiff's counsel prepared the briefs filed in this Court. *Id.*; *see also* [*Doc. 35-1* at 2] (affidavit by Plaintiff's counsel recording time spent on Plaintiff's case). Plaintiff responds that there is no legal authority for the Commissioner's request, and that Plaintiff's counsel's time spent preparing the briefs filed in this Court was reasonably expended. [*Doc. 38* at 5]. Plaintiff further contends that "there are many reasons to hone the issues once the case proceeds to the Circuit Court" (*id.* at 5), and that "the Commissioner's request that this Court deny fees for work performed in the District Court would necessarily punish effective advocacy" (*id.* at 6).

The Commissioner fails to provide any support for her contention that Plaintiff is not entitled to fees for the time spent on issues that were not successful before this Court and were not raised or argued on appeal. EAJA allows the Court "in its discretion, [to] reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. § 2412(d)(1)(C);  *see also* 28 U.S.C. § 2412(d)(2)(D) (precluding the award of fees or expenses "to a party for any portion of the litigation in which the party has unreasonably protracted the proceedings"). The Commissioner does

5

not allege, and the Court finds no evidence, that Plaintiff engaged in conduct that unduly or unreasonably protracted the final resolution of this matter. While it would have been helpful and more expeditious if Plaintiff had clearly raised as one of his claims for relief the issue of whether the Appeals Council properly considered the additional evidence, instead of mentioning it as an aside at the end of his last argument regarding the ALJ's decision, the Court is unaware of any authority that would allow it to reduce Plaintiff's attorney fees for this conduct. *See, e.g., Comm'r, Immigration and Naturalization Svc. v. Jean*, 496 U.S. 154, 161-62 (1990) (explaining that EAJA "favors treating a case as an inclusive whole, rather than as atomized line-items") (citations omitted). The Court, therefore, finds that the Commissioner's request to reduce Plaintiff's attorney fees should be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Attorney Fees Pursuant to Equal Access to Justice Act, With Memorandum in Support (Doc. 35)* is **GRANTED**, and Plaintiff is authorized to receive **$14,371.33** in attorney fees for payment to his attorney for services before this Court.

**IT IS FURTHER ORDERED** that, if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, he shall refund the smaller award to Plaintiff pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee." ) (citation, internal brackets and quotation marks omitted).

**IT IS SO ORDERED**.

_Lourdes A. Martínez_
**THE HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**